The document below is hereby signed.

Signed: July 21, 2017



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHARON ANNETTE YOUNG, | ) | Case No. 17-00302 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER PARTIALLY GRANTING
DEBTOR'S APPLICATION TO WAIVE CHAPTER 7 FILING FEE

The debtor has filed an *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B). The *Application* will be granted as to unpaid fees for the following reasons.

On May 25, 2017, the debtor filed a voluntary petition commencing this case as a case under chapter 13 of the Bankruptcy Code (11 U.S.C.). Pursuant to 28 U.S.C. § 1930(a)(1)(B), the debtor became obligated to pay a filing fee of $235 and pursuant to item 8 of the *Bankruptcy Court Miscellaneous Fee Schedule* she became obligated to pay a $75 administrative fee. The debtor was granted permission to pay those fees in installments. On June 15, 2017, the debtor filed a motion to convert the case to a case under chapter 7 of the Bankruptcy Code. The court has granted the motion and converted the case to chapter 7. Upon the filing of the motion

to convert, items 9 and 10 of the *Bankruptcy Court Miscellaneous Fee Schedule* obligated the debtor to pay, respectively, a $15 fee for payment to the Chapter 7 trustee pursuant to 11 U.S.C. § 330(b)(2) and a $10 fee for filing the motion to convert the case to chapter 7. The result was that the amount of fee obligations incurred in the case, $335, now equals the amount that would have been incurred had the case been started as a chapter 7 case.[1] The debtor has paid the $25 in fees arising from filing the motion to convert.

The relevant statute governing fee waivers, 28 U.S.C. § 1930(f), provides in relevant part:

> (1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.
> (2) The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).

---

[1] If the case had been commenced as a chapter 7 case, the debtor would have incurred a filing fee under 28 U.S.C. § 1930(a) of $245, an administrative fee of $75, and the $15 fee for payment to trustees pursuant to 11 U.S.C. § 330(b)(2).

This case was commenced as a case under chapter 13, not as a case under chapter 7, and at first blush one might think that § 1930(f)(1) (dealing with "the filing fee in a case under chapter 7") does not apply to the filing fee incurred by reason of filing the petition under chapter 13.

Nevertheless, upon conversion to chapter 7, the debtor became eligible, under 28 U.S.C. § 1930(f)(1), to seek a waiver of the unpaid balance of the filing fee that was incurred upon filing her chapter 13 petition.  Under 11 U.S.C. § 348(a), the conversion of the case constituted an order for relief under chapter 7 with the date of the filing of the petition, and the date of the commencement of the case remaining unchanged (with certain exceptions of no relevance here).  The case is treated as though it were a case commenced under chapter 7.  Moreover, the Judicial Conference's procedures for fee waivers, set forth in the *Guide to Judiciary Policy,* vol. 4, § 820, provide in § 820.20(b):

> (3) Conversion to Chapter 7
>
> If a case is converted from another chapter to chapter 7, the court may waive any unpaid balance on the filing fee if the conditions described in section (a)(1) [dealing with income level and inability to pay the fee in installments] are satisfied.

Accordingly, after a conversion of a case from chapter 13 to chapter 7, 28 U.S.C. § 1930(f)(1) may be invoked to seek a waiver of the unpaid balance of the filing fee incurred for filing the

3

chapter 13 petition that commenced the case.

However, to obtain a waiver, the debtor must meet the standard of eligibility set forth in the *Guide to Judiciary Policy*, vol. 4, § 820.20(a)(1).  I am satisfied that the debtor's *Application* demonstrates that she has met the standard of eligibility.  The debtor's income falls below 150% of the applicable poverty guideline for a one-person household in the District of Columbia, and the court finds that the debtor is unable to pay the fee in full or in installments.  In my discretion, I will grant the requested waiver of the unpaid balance of the chapter 13 filing fee.

The $25 in fees that arose upon the filing of the motion to convert were imposed by items 9 and 10 of the *Bankruptcy Court Miscellaneous Fee Schedule* (the $15 fee for payment to the Chapter 7 trustee pursuant to 11 U.S.C. § 330(b)(2) and the $10 fee for filing the motion to convert the case to chapter 7).  Those fees were not imposed by 28 U.S.C. § 1930(a) and arguably were not fees "payable to the clerk upon the commencement of a case under chapter 7" within the meaning of 28 U.S.C. § 1930(f)(1).  However, it would not matter because those fees can be waived under 28 U.S.C. § 1930(f)(2) even if they are not fees that can be waived under § 1930(f)(1).

Nevertheless, any request to waive the $25 in fees incurred under items 9 and 10 of the *Bankruptcy Court Miscellaneous Fee*

4

*Schedule* is moot. The fees have been paid, and the Judicial Conference's procedures for fee waivers contemplate a waiver of unpaid fees, not a refund of paid fees.

In light of the foregoing, it is

ORDERED that the court grants a waiver of the unpaid installments of the filing fee that were incurred upon the filing of the petition under chapter 13 of the Bankruptcy Code, and the debtor's *Application* (Dkt. No. 30) is denied to the extent the debtor seeks a refund of fees already paid.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.